UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 14-107-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Michael Harris is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Manchester located in Manchester, Kentucky. Proceeding without counsel, Harris has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the federal drug and firearm sentences which he is currently serving. Harris has paid the $5.00 filing fee. [R. 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Harris's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Harris's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

## LITIGATION HISTORY

On May 28, 1997, a federal grand jury in Indiana returned an indictment alleging that in December 1996, Harris and two other individuals committed numerous federal drug and firearm offenses. *United States v. Michael Harris, et al.*, No. 1:97-CR-63-LJM-DML (S.D. Ind. 1997). [R. 1, therein][1] The case proceeded to trial, and Harris and his two co-defendants were found guilty of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of possession with intent to distribute cocaine and/or cocaine base in violation of 21 U.S.C. § 841(a)(1). In addition, Harris was convicted of numerous firearm offenses,[2] and he received a life sentence.[3] On appeal, his conviction was affirmed. *United States v. Thornton*, 197 F.3d 241 (7th Cir. 1999)

---

[1] Harris's criminal proceeding predated the advent of both PACER, the federal judiciary's online database system, and CM/ECF, the federal judiciary's electronic case management system. On October 25, 2011, the district court docketed parts of Harris's criminal proceeding under CM/ECF, and collectively docketed (as entry No. 1), the May 28, 1997, indictment; the August 21, 1998, Criminal Judgment against Harris; and an undated Order denying Harris's motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2). [*Id.*]

[2] Specifically, Harris was convicted of carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); possessing an unregistered silencer in violation of 26 U.S.C. § 5851(d); possessing a silencer not identified by a serial number in violation of 16 U.S.C. § 5861(i); and of possessing a firearm with the serial number obliterated, in violation of 18 U.S.C. § 922(g). [*Id.*, R. 1-2, pp. 1-2]

[3] Harris also received a consecutive 30-year sentence on the § 924(c)(1) firearm conviction. [*Id.*, p. 3]

The docket sheet from Harris's criminal proceeding reveals that on March 28, 2000, Harris filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and that on February 26, 2001, the district court denied that motion. *See* Harris Criminal Action, No. 1:97-CR-63-LJM-DML [R. 1, p. 9, therein] Harris appealed the denial of his § 2255 motion, but the Seventh Circuit Court of Appeals denied him a certificate of appealability. *United States v. Harris*, No. 01-1791 (7th Cir. Nov. 13, 2011)

On May 17, 2012, Harris filed a second motion to vacate his sentence under § 2255. *Michael Harris v. United States*, No. 1:12-CV-675-LJM-DML (S.D. Ind., 2012) [R. 1, therein][4] Harris challenged the enhancement of his sentence based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), and further argued that in numerous instances during his criminal proceeding, he had received ineffective assistance of counsel. On May 24, 2012, the district court denied Harris's motion for lack of jurisdiction, finding that the Seventh Circuit Court of Appeals had not authorized the filing of a second or successive § 2255 motion, and denied Harris a certificate of appealability. [*Id.*, R. 3, therein] Harris appealed the denial of his second § 2255 motion, but the Seventh Circuit Court of Appeals again refused to issue a certificate of appealability, finding that his second § 2255 motion "…is an unauthorized successive collateral attack." [*Id.*, R. 13, p. 3, therein; *see also Harris v. United States*, No. 12-2429, p. 2 (7th Cir. Jan. 31, 2013)] The mandate issued on March 25, 2013. [*Id.*, pp. 1-2, therein]

---

[4] All pleadings in that civil action, 1:12-CV-675, were simultaneously docketed in Harris's criminal proceeding as record entries Nos. 28-34.

# CLAIMS ASSERTED IN THE § 2241 PETITION

Harris alleges that the Pre-Sentence Investigations Report ("PSIR"), on which the district court relied in calculating the term of his sentences, contained numerous errors as to his offense level and criminal history. Harris asserts that in calculating the term of his sentences, the district court improperly relied on the inaccurate PSIR and deviated from the United States Sentencing Guidelines ("USSG"), and thus imposed a higher sentence than what was warranted under the USSG. Harris also alleges that the district court improperly imposed a *consecutive* 30-year sentence on the § 924(c) firearm conviction.[5] Harris's claims on these issues allege a denial of due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution.

Finally, Harris further contends that the Indictment under which he was charged was constitutionally defective because it failed to allege the amount of drugs in question, noting that no special jury verdict as to drug quantity was included with the jury instructions. Harris asserts that because the issue of drug quantity was determined at sentencing by the district court, not the jury, his life sentence on the drug offenses violates his right to a jury trial in a criminal proceeding, which is guaranteed by the Sixth Amendment of the U.S. Constitution.

In support of his Sixth Amendment argument, Harris cites the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that

---

[5] Harris contends that the district court improperly imposed a 30-year consecutive sentence as to his conviction for using a silencer, *see* R. 1-1, p. 1, but his Criminal Judgment clearly specifies that the 30-year consecutive sentence was imposed in connection with Count 15 of the Indictment, which charged Harris with carrying a firearm during or in relation to a drug trafficking offense in violation of § 924(c). *See* Harris Criminal Action, No. 1:97-CR-63-LJM-DML [R. 1-2, pp. 1-3, therein]

must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Harris contends that *Alleyne* applies retroactively and affords his relief from his sentences, and that accordingly, this Court should vacate sentences pursuant to 28 U.S.C. § 2241.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Harris is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Harris contends that based on the holding in *Alleyne*, his life sentence on the drug convictions and his consecutive 30-year firearm sentence violate his constitutional rights. Harris is thus challenging the constitutionality of his sentences on Fifth

and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making this claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

To the extent that Harris challenges the district court's adoption of the recommendations contained in the PSIR, and/or its application of the USSG, Harris could and should have raised those specific claims at sentencing, on direct appeal, or at the latest, in his first §2255 motion. The Court cannot electronically view Harris's first § 2255 motion to determine if he did in fact raise those claims at that time, but whether Harris asserted the claims and was unsuccessful, or whether he failed to raise them, the result is the same: the remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v.*

6

*Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758; *see also Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255."). Harris's § 2241 petition is nothing more than an attempt to get another bite at the apple.

Next, Harris contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided after his § 2255 motion was denied, supports his argument that the district court improperly calculated and/or enhanced his sentence. Harris argues that he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Harris were currently arguing that particular sentencing issue on direct appeal of his sentence, he could likely invoke *Alleyne* as support for his argument. Harris, however, asserts this particular sentencing claim in a § 2241 petition, which is merely a *collateral* challenge to his sentences. Unfortunately for Harris, the Sixth Circuit Court of Appeals recently joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Further, Harris does not allege that he is actually innocent of the underlying drug and firearm offenses of which he was convicted; he contends only that the district court improperly calculated his sentence in violation of the USSG and in violation of his due process and jury trial rights. Even were the Court to assume that the district court improperly calculated the term of Harris's drug and firearm sentences, the savings clause may *only* be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their *sentences*. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, Harris has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a valid claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Harris's habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Michael Harris's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 15th day of September, 2014.



G:\DATA\ORDERS\ProSe\Harris 14-107-DLB Dism 2241 CKS.doc